UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>1:16-CR-20477-RNS(s)(s)</u>

UNITED STATES OF AMERICA

vs.

B&B PSYCH INC.

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States of America, by and through the Department of Justice, Criminal Division, Fraud Section (the "Fraud Section"), and the Defendant, B&B Psych Inc. (the "Defendant"), by and through its undersigned attorneys, and through its authorized representative, pursuant to authority granted by the Defendant's Board of Directors, hereby submit and enter into this plea agreement (the "Agreement"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this Agreement are as follows:

### The Defendant's Agreement

1. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant agrees to waive its right to grand jury indictment and its right to challenge venue in the District Court for the Southern District of Florida, and to plead guilty to a one-count criminal Information charging the Defendant with conspiracy to pay kickbacks in connection with a federal health care program in violation of 18 U.S.C. § 371. The Defendant further agrees to persist in that plea through sentencing.

2. The Defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

| | | |
|---|---|---|
| First: | | Two or more persons in some way agreed to try to accomplish a shared and unlawful plan; |
| Second: | | The Defendant knew the unlawful purpose of the plan and willfully joined in it; |
| Third: | | During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the Information; and |
| Fourth: | | The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. |

3. The Defendant understands and agrees that this Agreement is between the Fraud Section and the Defendant and does not bind any other division or section of the Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority.

4. The Defendant agrees that this Agreement will be executed by an authorized corporate representative. The Defendant further agrees that a resolution duly adopted by the Defendant's Board of Directors authorizes the Defendant to enter into this Agreement and take all necessary steps to effectuate this Agreement, and that the signatures on this Agreement by the Defendant and its counsel are authorized by the Defendant's Board of Directors, on behalf of the Defendant.

5. The Defendant agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

6. The Fraud Section enters into this Agreement based on the individual facts and circumstances presented by this case, and taking into account that the Company and its directors no longer participate in federal health care programs and agree not to participate in federal health care programs as a provider, nor have an ownership interest in a provider participating in federal health care programs, for a period of ten years.

7. The Defendant agrees to abide by all terms and obligations of this Agreement as described herein, including, but not limited to, the following:

    a.  to plead guilty as set forth in this Agreement;

    b.  to abide by all sentencing stipulations contained in this Agreement;

    c.  to appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter, consistent with all applicable U.S. and foreign laws, procedures, and regulations;

    d.  to commit no further crimes;

    e.  to be truthful at all times with the Court; and

    f.  to pay the applicable fine and special assessment.

  8.  The Defendant agrees that any fine or restitution imposed by the Court will be due and payable in full at the time of the entry of judgment following such sentencing hearing, and the Defendant will not attempt to avoid or delay payment. The Defendant further agrees to pay the Clerk of the Court for the United States District Court for the Southern District of Florida the mandatory special assessment of $400 within ten business days from the date of sentencing.

### The United States' Agreement

  9.  In exchange for the guilty plea of the Defendant and the complete fulfillment of all of its obligations under this Agreement, the Fraud Section agrees it will not file additional criminal charges against the Defendant or any of its direct or indirect affiliates, subsidiaries, or joint ventures relating to any of the conduct described in the Factual Basis. This Paragraph does not provide any protection against prosecution for any crimes made in the future by the Defendant or by any of its officers, directors, employees, agents or consultants, whether or not disclosed by the Defendant pursuant to the terms of this Agreement. This Agreement does not close or preclude the investigation or prosecution of any natural persons, including any officers, directors, employees, agents, or consultants of the Defendant or its direct or indirect affiliates, subsidiaries,

or joint ventures, who may have been involved in any of the matters set forth in the Information or the Factual Basis or in any other matters. The Defendant agrees that nothing in this Agreement is intended to release the Defendant from any and all of the Defendant's excise and income tax liabilities and reporting obligations for any and all income not properly reported and/or legally or illegally obtained or derived.

### Factual Basis

10. The Defendant is pleading guilty because it is guilty of the charge contained in the Information. The Defendant admits, agrees, and stipulates that the factual allegations set forth in the Information and the Factual Basis are true and correct, that it is responsible for the acts of its officers, directors, employees, and agents described in the Information and Factual Basis, and that the Information and Factual Basis accurately reflect the Defendant's criminal conduct.

### The Defendant's Waiver of Rights, Including the Right to Appeal

11. Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. The Defendant expressly warrants that it has discussed these rules with its counsel and understands them. Solely to the extent set forth below, the Defendant voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Specifically, the Defendant understands and agrees that any statements that it makes in the course of its guilty plea or in connection with the Agreement are admissible against it for any purpose in any U.S. federal criminal proceeding if, even though the Fraud Section has fulfilled all of its obligations under this Agreement and the Court has imposed the agreed-upon sentence, the Defendant nevertheless withdraws its guilty plea.

12.     The Defendant is satisfied that the Defendant's attorneys have rendered effective assistance. The Defendant understands that by entering into this agreement, the Defendant surrenders certain rights as provided in this agreement. The Defendant understands that the rights of criminal defendants include the following:

(a)     the right to plead not guilty and to persist in that plea;

(b)     the right to a jury trial;

(c)     the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings;

(d)     the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

(e)     pursuant to Title 18, United States Code, Section 3742, the right to appeal the sentence imposed.

Nonetheless, the Defendant knowingly waives the right to appeal or collaterally attack the conviction and any sentence within the statutory maximum described below (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever except those specifically excluded in this Paragraph, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The Defendant also knowingly waives the right to bring any collateral challenge challenging either the conviction, or the sentence imposed in this case. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or

prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a. The Defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution related to the conduct described in the Factual Basis or the Information, including any prosecution that is not time-barred on the date that this Agreement is signed in the event that: (a) the conviction is later vacated for any reason; (b) the Defendant violates this Agreement; or (c) the plea is later withdrawn, provided such prosecution is brought within one year of any such vacation of conviction, violation of agreement, or withdrawal of plea plus the remaining time period of the statute of limitations as of the date that this Agreement is signed. The Fraud Section is free to take any position on appeal or any other post-judgment matter. The parties agree that any challenge to the Defendant's sentence that is not foreclosed by this Paragraph will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Maximum Penalty

13. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is a fine of $250,000 or twice the gross pecuniary gain or gross pecuniary loss resulting from the offense, whichever is greatest; five years' probation; and a mandatory special assessment of $400.

### Sentencing Recommendation

14. The parties agree that, pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the presentence investigation and report should be waived, because

information in the record, including the Factual Basis and the pretrial diversion agreements entered into by each defendant in United States v. Raurell-Gomez, et al., allows the Court to meaningfully exercise its sentencing authority pursuant to Title 18, United States Code, Section 3553.

15. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant agree to recommend jointly that the Court impose a sentence requiring the Defendant to pay a criminal fine of $150,000, payable in full at the time of the entry of judgment. The Defendant acknowledges that no tax deduction may be sought in connection with the payment of any part of this $150,000 fine. The parties believe that a disposition that includes a fine of $150,000 is appropriate based on the factors outlined in 18 U.S.C. § 3553(a). The Defendant shall pay to the Clerk of the Court for the United States District Court for the Southern District of Florida within ten days of the time of sentencing the mandatory special assessment of $400 per count.

16. This Agreement is presented to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Defendant understands that, if the Court rejects this Agreement, the Court must: (a) inform the parties that the Court rejects the Agreement; (b) advise the Defendant's counsel that the Court is not required to follow the Agreement and afford the Defendant the opportunity to withdraw its plea; and (c) advise the Defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the Agreement contemplated. The Defendant further understands that if the Court refuses to accept any provision of this Agreement, neither party shall be bound by the provisions of the Agreement.

**Breach of Agreement**

17. If the Defendant (a) commits any felony under U.S. federal law; (b) provides in connection with this Agreement deliberately false, incomplete, or misleading information; or (c) otherwise fails specifically to perform or to fulfill completely each of the Defendant's obligations

under the Agreement, regardless of whether the Fraud Section becomes aware of such a breach after the term specified in Paragraph 7(h) of the Agreement, the Defendant shall thereafter be subject to prosecution for any federal criminal violation of which the Fraud Section has knowledge, including, but not limited to, the charges in the Information described in Paragraph 1, which may be pursued by the Fraud Section in the U.S. District Court for the Southern District of Florida or any other appropriate venue. Determination of whether the Defendant has breached the Agreement and whether to pursue prosecution of the Defendant shall be in the Fraud Section's sole discretion. Any such prosecution may be premised on information provided by the Defendant. Any such prosecution relating to the conduct described in the Factual Basis or relating to conduct known to the Fraud Section prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the Defendant, notwithstanding the expiration of the statute of limitations, between the signing of this Agreement and the expiration of the term described in Paragraph 7(h) of the Agreement plus one year. Thus, by signing this Agreement, the Defendant agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the term described in Paragraph 7(h) of the Agreement plus one year. The Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of the signing of this Agreement.

18. In the event the Fraud Section determines that the Defendant has breached this Agreement, the Fraud Section agrees to provide the Defendant with written notice of such breach prior to instituting any prosecution resulting from such breach. Within thirty days of receipt of such notice, the Defendant shall have the opportunity to respond to the Fraud Section in writing to

explain the nature and circumstances of such breach, as well as the actions the Defendant has taken to address and remediate the situation, which explanation the Fraud Section shall consider in determining whether to pursue prosecution of the Defendant.

19. In the event that the Fraud Section determines that the Defendant has breached this Agreement: (a) all statements made by or on behalf of the Defendant to the Fraud Section or to the Court, including the Factual Basis, and any testimony given by the Defendant before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Fraud Section against the Defendant; and (b) the Defendant shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of the Defendant prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible. The decision whether conduct or statements of any current director, officer or employee, or any person acting on behalf of, or at the direction of, the Defendant, will be imputed to the Defendant for the purpose of determining whether the Defendant has violated any provision of this Agreement shall be in the sole discretion of the Fraud Section.

20. The Defendant acknowledges that the Fraud Section has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if the Defendant breaches this Agreement and this matter proceeds to judgment. The Defendant further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

## Complete Agreement

23.  This document states the full extent of the Agreement between the parties and is entered into accounting for the resolution of United States v. Raurell-Gomez, et al., including the pretrial diversion agreements governing the individual defendants in that matter. There are no other promises or agreements, express or implied. Any modification of this Agreement shall be valid only if set forth in writing in a supplemental or revised plea agreement signed by all parties.

ANDREW WEISSMANN
Chief
U.S. Department of Justice
Criminal Division, Fraud Section

By: _____
CHRISTOPHER J. HUNTER
Senior Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

_____
Authorized Agent
B&B Psych Inc.

_____
MARISSEL DESCALZO, Esq.
Counsel for B&B Psych Inc.